# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **GEORGIA ANN HARRIS,** individually and on behalf of a class of similarly situated persons as defined herein,<br><br>    **Plaintiff,**<br><br>v.<br><br>**TOPCO ASSOCIATES, LLC,**<br><br>    **Defendant.** | Case No. _____ |

## NOTICE OF REMOVAL

Defendant Topco Associates, LLC ("Topco" or "Defendant") files this Notice of Removal of this action from the Circuit Court of Barbour County, State of Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**I.  INTRODUCTION**

1. Plaintiff Georgia Ann Harris ("Harris" or "Plaintiff") alleges that Topco has breached express and implied warranties and breached its contract by selling "Food Club" brand ground coffee products (the "Products") in containers that incorrectly state the number of cups of brewed coffee each container can yield.

2. The Class Action Complaint ("Complaint"), a true and correct copy of which is attached hereto as **Exhibit A**, was filed in the Circuit Court of Barbour

County, State of Alabama on or about August 4, 2022.

3. This is the second action Harris has brought against Topco involving the same subject matter. The first action was also filed in Barbour County and removed by Topco to this Court on June 28, 2022. *See Harris v. TOPCO Assocs., LLC*, No. 2:22-cv-00383-ECM-SMD, Dkt. 1. After seeking (and obtaining) an extension of time to respond to Topco's motion to dismiss, Harris voluntarily dismissed that action, without prejudice, on July 27, 2022. *Id.* at Dkt. 10. She then refiled the action in the Circuit Court of Barbour County on or about August 4, 2022.

4. Harris is a citizen of Barbour County, Alabama. (*See* Compl. ¶ 8.)

5. At the time this lawsuit was filed and at all times since, Topco was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Illinois. (Compl. ¶ 9.) Topco's members are Topco Holdings Inc. and Wholesale Channel, LLC. Topco Holdings Inc. is incorporated in Wisconsin and has its principal place of business in Illinois. The members of Wholesale Channel, LLC are (1) Affiliated Foods, Inc., which is incorporated in Colorado with its principal place of business in Texas; (2) Associated Food Stores, Inc., which is incorporated in Colorado with its principal place of business in Utah; (3) Associated Grocers, Inc., which is incorporated in Louisiana with its principal place of business in Louisiana; (4) Associated Grocers of New England, Inc., which is incorporated in New Hampshire with its principal place of business in New

Hampshire; (5) Associated Grocers of the South, Inc., which is incorporated in Alabama with its principal place of business in Alabama; (6) Certco, Inc., which is incorporated in Wisconsin with its principal place of business in Wisconsin; (7) Piggly Wiggly Alabama Distributing Company, Inc., which is incorporated in Alabama with its principal place of business in Alabama; (8) SpartanNash Company, which is incorporated in Michigan with its principal place of business in Michigan; and (9) URM Stores, Inc., which is incorporated in Idaho with its principal place of business in Washington. Therefore, at the time this action was filed and at all times since, Topco was a citizen of Alabama, Colorado, Idaho, Illinois, Louisiana, Michigan, New Hampshire, Texas, Utah, Washington, and Wisconsin. 28 U.S.C. § 1332(c)(1).

6. Harris seeks damages for herself and on behalf of a proposed class. (Compl. ¶¶ 39, 50, 60-61, 64.)

7. The putative class consists of "[a]ll persons in the state of Alabama who, in the two (2) years preceding the filing of this action, purchased one or more of Defendant's Food Club coffee canisters referenced herein for personal use and not for resale." (Compl. ¶ 39.)

8. This case may be removed pursuant to 28 U.S.C. § 1332(d) as it is a proposed class action in which the putative class consists of at least 100 members, there is minimal diversity, and the amount in controversy exceeds $5,000,000,

exclusive of interest and costs.

## II. VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of Barbour County, State of Alabama, a court encompassed by the Middle District of Alabama.

## III. REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT OF 2005

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A. There Are More Than 100 Putative Class Members

11. Harris purports to represent a class of "[a]ll persons in the state of Alabama who, in the two (2) years preceding the filing of this action, purchased one or more of Defendant's Food Club coffee canisters referenced herein for personal use and not for resale." (Compl. ¶ 39.)

12. More than 100 persons have purchased the Products in Alabama during

the two years preceding the filing of this lawsuit.[1] Accordingly, there are more than 100 putative class members.

### B.      Minimal Diversity Exists Between the Parties

13.    On information and belief, members of the proposed class are citizens of states different from Topco. Therefore, diversity of citizenship exists. 28 U.S.C. § 1332(d)(2)(A).

14.    Harris defines the class as "[a]ll persons in the state of Alabama who, in the two (2) years preceding the filing of this action, purchased one or more of Defendant's Food Club coffee canisters referenced herein for personal use and not for resale." (Compl. ¶ 39.) Because the class is comprised of "all *persons*" in Alabama, and not just Alabama *citizens*, it includes any non-citizen resident of Alabama as well as any person who purchased one of the Products while in Alabama.

15.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." It is the party's *citizenship* that matters. The putative class includes consumers who were "citizens" of other states but resided or otherwise were "in" the State of

---

[1] Moreover, Harris cannot bind the proposed class to a limited two-year class period, which disregards the applicable statutes of limitations for the claims. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013) ("Because his precertification stipulation does not bind anyone but himself, [Plaintiff] has not reduced the value of the putative class members' claims.").

Alabama, such as consumers who owned (or rented) vacation and/or second homes in Alabama, or those who worked or went to school temporarily in Alabama. This is enough for removal purposes. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156-57 (11th Cir. 2021) (noting, for CAFA purposes, that "residency does not equate to citizenship"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965-66 (8th Cir. 2017) (same); *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1267 (11th Cir. 2022) (noting a "difference between residency and citizenship" and holding that "only the class definition itself—not other portions of the complaint—can restrict the scope of a class for [CAFA] purposes").

        **C.**     **The Amount in Controversy Exceeds $5 Million in the Aggregate**

16.    Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA when "the matter in controversy exceeds the sum or value of $5,000,000[.]" To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated[.]" *Id*. § 1332(d)(6).

17.    For purposes of removal, Topco need only make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Engel v. Liberty Mut. Ins. Co.*, 2020 WL 1646636, at *2 n.5 (S.D. Ala. Mar. 17, 2020) (citing *Dart Cherokee* for same proposition). Harris alleges that she and the putative class have overpaid for the Products and they are entitled to the damages "available to them." (Compl.

¶¶ 50-51, 60-61, 63-64.) Harris does not allege the specific amount sought, but these allegations, taken as true for purposes of determining diversity jurisdiction under CAFA, indicate an amount in controversy exceeding $5 million, as required for removal by 28 U.S.C. § 1332(d)(2).[2]

18.  Although Harris attempts to limit recovery on behalf of the proposed class to just the two years preceding the filing of this action, and she says that "[c]ompensatory damages sought … consist not of the full purchase price of the coffee products," she cannot bind the class to these purported limitations. *Standard Fire Ins.*, 568 U.S. at 595-96 (noting that a named plaintiff "cannot yet bind the absent class" by "stipulating to amounts" to avoid federal jurisdictional requirements).

19.  Total sales for the Products in Alabama over a six-year period—the statute of limitations period for the claims in this case[3]—are approximately

---

[2] By alleging here that Harris might legally recover a judgment exceeding the jurisdictional amount in controversy, Topco neither confesses any liability nor admits the appropriate amount of damages if found liable for any part of Harris's claims. Topco is only stating what the stakes of the litigation could be.

[3] *See* Ala. Code § 6-2-34(9) (providing a six-year statute of limitations for breach of contract); *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382-83 (S.D. Ala. 2016) (noting the six year breach-of-contract statute of limitations); *Whitesell Corp. v. Screw Prod., Inc.*, 2018 WL 2048377, at *5 (N.D. Ala. May 2, 2018) (noting that breach of warranty and breach of contract both have a six-year statute of limitations).

$1,260,000.

20.     Although Harris does not include a Prayer for Relief, the allegations in the Class Action Complaint render an award of punitive damages possible in this action. Harris alleges that Topco "has been engaging in the deceptive and fraudulent practice of manufacturing, labeling, distributing, marketing, and selling the Food Club coffee products as if the canisters contained enough coffee grounds to make a specified number of cups of coffee[.]" (Compl. ¶ 22); (*see also* Compl. ¶ 5 ("These representations were intended to induce consumers, like Plaintiff, to purchase [the Products].");  Compl. ¶ 24 ("Defendant made these intentional misrepresentations on the labeling and marketing of [the Products] that were designed to, and, in fact, did mislead Plaintiff and class members into paying a price premium[.]"); Compl. ¶ 25 ("Defendant made these material misrepresentations, omissions, and non-disclosures for the purpose of inducing Plaintiff and other reasonable consumers to pay a price premium for [the Products.]"); Compl. ¶ 28 ("Defendant made the deceptive representations and omissions … with the intent to induce Plaintiff and the other class members' payment for [the Products].")).

21.     Under Alabama law, punitive damages may be awarded when there is intentional deceit or repeated violations. *Merchants FoodService v. Rice*, 286 So. 3d 681, 708-709 (Ala. 2019). Punitive damages are also available to a plaintiff (or class member) who seeks to rescind a contract allegedly induced by fraud. ALABAMA LAW

OF DAMAGES § 4:6 (6th ed.). As a result, punitive damages may be included in calculating the amount in controversy. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (including punitive damages in amount in controversy because they were "available" under the causes of action alleged); *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (considering for purposes of calculating the amount in controversy the "form of relief available to plaintiffs" in a matter involving alleged "fraudulent[ly] induce[d]" transactions, which included rescission and punitive damages).

22. Alabama courts have referred to a 3:1 ratio of punitive damages to compensatory damages as a "benchmark ratio." *Rice*, 286 So. 3d at 710. On sales of $1,260,000, a 3:1 ratio would be $3,780,000, for a total of $5,040,000. However, Alabama punitive damage awards are frequently higher, and the Alabama Supreme Court has allowed ratios as high as 10:1. *Id.* at 712 (collecting cases); *see also Porter*, 592 F. App'x at 783 (stating when determining the value of punitive damages in calculating the amount in controversy: "We do not doubt" that "punitive damages can add up to nine times compensatory damages").

23. Taking into account the sales of the Product during the limitations period, and the possibility of punitive damages, the total amount in controversy easily exceeds $5 million.

## IV. COMPLIANCE WITH PREREQUISITES FOR REMOVAL

24. Pursuant to Local Rule 3.1, a civil cover sheet is being submitted to the Clerk with this Notice of Removal.

25. Pursuant to Local Rule 81.1, attached hereto as **Exhibit B** are clear and legible copies of each document filed and/or served in the state court action.

26. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.

27. Topco reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Rule 12 of the Federal Rules of Civil Procedure.

28. This Notice of Removal is timely. Topco was served with a copy of the Complaint on or about August 8, 2022.

## V. JURY DEMAND

29. Harris has demanded a trial by jury in this action. Topco also demands a trial by jury in this action on all issues.

WHEREFORE, Defendant Topco Associates, LLC respectfully removes this action from the Circuit Court of Barbour County, Alabama, bearing 69-CV-2022-900037, to this Court.

Respectfully submitted,

*/s/ T. Grant Sexton, Jr.*
T. GRANT SEXTON, JR. (ASB-0915-S40S)
JAY DOUGLASS (ASB-1993-H272)

*Attorneys for Defendant Topco Associates, LLC*

**OF COUNSEL:**
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street (36104)
Post Office Box 270
Montgomery, AL 36101-0279
Tel: (334) 206-3225
Fax: (334) 481-0818
gsexton@rushtonstakely.com
jdouglass@rushtonstakely.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, the foregoing document was served upon the following via the Court's electronic filing system and/or electronic mail:

Brent Irby
IRBY LAW LLC
2201 Arlington Avenue South
Birmingham AL 35205
Office: (205) 936-8281
Email: brent@irbylaw.net

*Attorney for Plaintiff*

                                               */s/ T. Grant Sexton, Jr.*